NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDMON WASHINGTON, an individual, | No. 18-55622 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02829-PA-FFM |
| v. | |
| CITY OF LOS ANGELES; ERIC OLIVE, Officer, Los Angeles Police Department, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 12, 2019
Pasadena, California

Before: KELLY,** PAEZ, and BADE, Circuit Judges.

Plaintiff Edmon Washington ("Washington") appeals the district court's

grant of summary judgment on qualified immunity grounds of his 42 U.S.C.

§ 1983 action alleging use of excessive force by Defendant Eric Olive ("Olive"), a

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Los Angeles Police Department officer. We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's determination that Olive is entitled to qualified immunity. *Glenn v. Washington Cty.*, 673 F.3d 864, 870 (9th Cir. 2011). We affirm.

"In evaluating a grant of qualified immunity, we ask two questions: (1) whether, taking the facts in the light most favorable to the nonmoving party, the officers' conduct violated a constitutional right, and (2) whether the right was clearly established at the time of the alleged misconduct." *Id.* We may exercise our discretion to decide either prong first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). We begin with the second.

"The plaintiff bears the burden of proving that the rights [he] claims were 'clearly established' at the time of the alleged violation." *Robinson v. York*, 566 F.3d 817, 826 (9th Cir. 2009) (alteration in original) (quotation marks omitted). Washington relies on three decisions: *Glenn*, 673 F.3d 864, *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001), and *Booke v. County of Fresno*, 98 F. Supp. 3d 1103 (E.D. Cal. 2015). None "place[] the . . . constitutional question [implicated by Olive's conduct] beyond debate."[1] *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Olive reasonably believed Washington was armed with an assault weapon

---

[1] Because we conclude *Booke* does not place the constitutional question beyond debate, we need not consider whether a district court decision can clearly establish the law.

2

and, unlike the officers in *Glenn*, *Deorle*, or *Booke*, here the officers provided repeated, clear, and specific warnings to Washington that they would use less lethal force if he continued to resist their orders to lie on the ground. Washington has not shown that Olive violated clearly established law. *See Pearson*, 555 U.S. at 245.

Therefore, the district court properly granted summary judgment to Olive on the basis of qualified immunity.

**AFFIRMED.**